LE SUEUR, Judge.
This is an action for payment of a promissory note in its principal amount plus interest and attorney’s fees. Judgment was rendered for Defendant rejecting Plaintiff’s demands and Plaintiff has appealed.
On September 7, 1967, Defendant agreed with a Mr. Pollock, an agent of Plaintiff, to purchase a program of radio advertising for a total price of $600.00. This agreement was conditioned on Defendant being able to secure “co-op” (monetary assistance) from some of his suppliers as he was personally unable to afford this advertising. He also signed a promissory note naming the Bank of the South as payee. The note was used to allow Defendant six months to pay for the advertising and was not to be delivered until the condition of the contract was fulfilled. Instead, the note was immediately delivered to the *284 Bank of the South and used as collateral for a $600.00 loan to Plaintiff. When Defendant learned that the note had been delivered to the bank, he called the bank and told them that the agreement had been violated, that it was cancelled and that he would not pay the note because it was no longer binding as a result of the breach of the agreement. The Bank of the South then notified Plaintiff that Defendant had refused to honor the note, indorsed the note to Plaintiff “without recourse”, and debited the $600.00 previously credited. After further negotiations on the advertising contract failed, Plaintiff sued on the note. The trial judge rejected Plaintiff’s demands without rendering written reasons therefor.
Plaintiff on appeal argues that, after receiving a valid assignment of the note from the bank, it was a holder for valuable consideration, the consideration being 1.) a commitment for $600.00 of radio advertising and 2.) vacation certificates for which it paid $300.00.
Defendant counters with the argument that Plaintiff has no right to enforce the note because the violation of the suspen-sive condition effected a breach of contract which caused a failure of consideration (the contract being the consideration for the note) that released Defendant from any liability on the note. Defendant also asserts that any claim for the vacation certificates sounds in contract violation, if proven; however, we find that the certificates were not contracted for but rather were inducements to purchase the radio advertising program.
LSA-R.S. 7:16 states:
Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto.
As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or endorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved.
In the present case Defendant contends that a proper delivery of the promissory note under the above statute was not made because the contract that was the consideration for the note was conditioned on the securing of co-op from suppliers. Prior to the fulfillment of this suspensive condition (LSA-C.C. Art. 2021) the note was brought to the Bank of the South who granted a loan secured by the note as collateral. This breached the contract between Plaintiff and Defendant making an effectual delivery under LSA-R.S. 7:16 impossible.
Defendant asserts, and Plaintiff does not deny, that the advertising contract entered into by Defendant and Pollock was dependent upon the suspensive condition of Defendant being able to secure co-op from his major suppliers. In fact, Plaintiff contacted Defendant at least once in an effort to renew the contract by assisting to fulfill the suspensive condition at that time.
Defendant had the right to submit parol evidence to show that a written instrument was delivered subject to a sus-pensive condition. Blaushild v. Rockhold, 7 La.App. 709 (1927). Once Defendant showed that the suspensive condition was violated, the contract was cancelled and the note given in connection with the contract is subject to Defendant’s defense of failure of consideration.
*285 LSA-R.S. 7:28 provides:
Absence or failure of consideration is a matter of defence as against any person not a holder in due course; and partial failure of consideration is a defence pro tanto, whether the failure is an ascertained and liquidated amount or otherwise.
LSA-R.S. 7:30 defines negotiation as follows:
An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery.
LSA-R.S. 7:38 defines a qualified in-dorsement :
A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser’s signature the words “without recourse” or any words of similar import. Such an indorsement does not impair the negotiable character of the instrument.
LSA-R.S. 7:52 defines a holder in due course:
A holder in due course is a holder who has taken the instrument under the following conditions:
(1) That it is complete and regular upon its face;
(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
(3) That he took it in good faith and for value;
(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.
Based on the above statutes, Plaintiff was never a holder in due course because it received the note after being notified that it was dishonored and did not pay anything for it. Since the note was negotiated to Plaintiff by qualified in-dorsement, Plaintiff was merely an as-signee of the title of the note and, as such, only received the rights that the Bank of the South had to the note. The Bank of the South had not entered into any agreement with Defendant, was not going to advance any funds to Defendant, was not receiving payment for any debt owed to it by Defendant but was merely an accommodation payee inserted as such by Defendant’s agent for some unexplained reason. Therefore, Plaintiff acquired the rights of an accommodation payee by reason of the note being indorsed to it.
We hold that the promissory note sued on was never properly issued or delivered because it was dependent upon a contract of advertising containing a suspensive condition. When the note was delivered prior to the fulfillment of the suspensive condition, the contract was breached and the note given as payment on the contract was no longer valid and binding because of failure of consideration and was therefore unenforceable. We do not have to consider whether it could have been enforced by a holder in due course because Plaintiff was merely the assignee of an accommodation payee and the note was indorsed to it without recourse and after notice of failure, therefore excluding Plaintiff from occupying the status of a holder in due course. Plaintiff may or may riot have a claim for reimbursement for the four vacations it claims to have paid for, but that action would be contractual and not based on the note sued on in this case. The judgment of the trial court is affirmed.
Affirmed.